

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NOS. 2-07-403-CR**
**2-07-404-CR**

JOSEPH ALBERT DURANT                                        APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Joseph Albert Durant entered an open plea of guilty to two charges of burglary of a building and also pleaded guilty to the enhancements. The trial court found Durant guilty and assessed his punishment at ten years' confinement in each case to run concurrently.

---

[1] *See* Tex. R. App. P. 47.4

Durant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Durant was given the opportunity to file a pro se brief, but he did not do so.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.). Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Because Durant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of Durant's plea, error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea. *See Monreal v. State*, 99 S.W.3d 615, 620 (Tex. Crim. App. 2003); *Young v. State*, 8 S.W.3d 656, 666–67 (Tex. Crim. App. 2000).

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

We have carefully reviewed the record and counsel's brief.  We agree with counsel that this appeal is wholly frivolous and without merit.  We find nothing in the record that might arguably support the appeal.  *See Bledsoe v. State,* 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *accord Meza v. State,* 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006).  We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  September 4, 2008

3